**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JOHN WITHEROW, | ) | 3:04-cv-00658-HDM-RAM |
| Petitioner, | ) | |
| | ) | ORDER |
| vs. | ) | |
| CRAIG FARWELL, *et al.*, | ) | |
| Respondents. | ) | |

Before the court is petitioner John Witherow's petition for habeas corpus pursuant to 28 U.S.C. § 2254 (#1). His petition is not a challenge to the validity of his conviction, however. Instead, petitioner, who is serving a life sentence with the possibility of parole, seeks the application of his earned "good time" credits against his maximum term. The state answered (#10), and the petitioner filed a traverse to the answer (#16). Also before the court is petitioner's motion to permit discovery (#26), filed on March 4, 2008, in which petitioner seeks the court's authorization to engage in further discovery on the issue presented in his habeas petition. Specifically, petitioner seeks to serve on respondents a request for production of documents supporting their answer to petitioner's habeas claim. The state responded (#27),

1

and petitioner replied (#28).

Petitioner filed his habeas petition on November 16, 2004. On April 6, 2005, this court found that petitioner had failed to exhaust his state court remedies with respect to his habeas petition, and dismissed the case without prejudice (#12). Petitioner and respondents subsequently requested that the court reconsider its order (#13, 14). The court did so, and filed an order on January 19, 2006, concluding that it had erred in its previous finding, and that petitioner had in fact "fairly present[ed]" his federal claim to the state courts (#15). Specifically, the court found that petitioner cited adequately to the Due Process Clause and the Fourteenth Amendment in his state petition.

Petitioner relies on the Nevada Supreme Court case, *Demosthenes v. Williams*, 637 P.2d 1203 (Nev. 1981), and the language of the good time credit statute itself, Nev. Rev. Stat. 209.443(2), for the argument that his "good time" credits should be applied to his life sentence. Specifically, petitioner cites to part of the *Demosthenes* decision pointing out that Section 209.443 contains "no limiting language," and extends to "'each' and 'every' offender." *Demosthenes*, 637 P.2d at 1204. The relevant provision of the statute itself provides: "The credits earned by an offender must be deducted from the maximum term imposed by the sentence and, except as otherwise provided in subsection 5, must apply to eligibility for parole."[1]  Nev. Rev. Stat. 209.443(2). Petitioner

---

[1] Subsection 5, which is not relevant here, provides: "Credits earned pursuant to this section do not apply to eligibility for parole if a statute specifies a minimum sentence which must be served before a person becomes eligible for parole." Nev. Rev. Stat. 209.443(5).

2

thus argues that the legislature intended no exception to the application of Section 209.443 to offenders in prison with life sentences.

Before addressing the merits of petitioner's argument, the court must first establish that petitioner's claim admits of review in this court's habeas corpus jurisdiction.  Under 28 U.S.C. § 2254, a district court may entertain a habeas corpus petition on behalf of a prison inmate only when the grounds for the petition is an alleged constitutional violation.  Respondents contend that because petitioner is challenging the application of a state statute, his claim is outside the scope of federal habeas corpus review.  However, petitioner argues that Section 209.443 creates a liberty interest under the Fourteenth Amendment, and by refusing to apply good time credit to his term of imprisonment, the state is abrogating his constitutional due process rights.  His petition is therefore properly before this court.

The Supreme Court has long held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).  However, state statutes may independently create a due process liberty interest.  *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989).  Thus, in *Wolff v. McDonnell*, the Court held that while the constitution itself "does not guarantee good-time credit for satisfactory behavior while in prison," the Nebraska statute that created the right to good time credit in that case implicated Fourteenth Amendment liberty interests when the state threatened to deprive it without

the proper procedures. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1973). To determine whether a state statute creates a protectable due process guarantee, the court must look to the structure and language of the statute, as well as the state court's interpretation of the scope of the interest. *Bergen v. Spaulding*, 881 F.2d 719, 721 (9th Cir. 1989).

Here, petitioner's due process claim fails because he has no liberty interest in the application of his good time credits to his life sentence. The Nevada Supreme Court has held that "the legislature did not intend good time credit to be applied to a sentence of life in prison." *Hunt v. Warden*, 903 P.2d 826, 827 (Nev. 1995). The court reasoned that "[b]ecause appellant was sentenced to a term of life in prison, there is no date from which the credit can be deducted." *Id*. The language of the statute itself identifies no due process guarantee for the application of good time credits to life terms for prison inmates, nor can it reasonably be read to imply such a guarantee. As the Nevada Supreme Court indicated, "[a] statute should be construed in light of the policy and the spirit of the law, and the interpretation should avoid absurd results." *Id*. This court concludes, therefore, that Nevada recognizes no liberty interest in Section 209.443 as it applies to prison inmates sentenced for life, and consequently petitioner had no due process right that could have been abrogated. Instead, petitioner's earned good time credits may properly be applied to his parole eligibility, which is consistent with the Nevada Supreme Court's holding in *Demosthenes v. Williams*, to which the petitioner cites.

Petitioner's petition for habeas corpus (#1) is therefore

4

denied.

Petitioner's motion to permit discovery (#26) is also denied as moot. Petitioner has nothing to gain through factual discovery on the legal question presented by his habeas petition.

**IT IS SO ORDERED.**

DATED: This 31st day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE